**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| CANOPY GROWTH CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:20-cv-01180-ADA |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| GW PHARMACEUTICALS PLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT GW PHARMACEUTICALS PLC'S MOTION TO
DISMISS THE COMPLAINT UNDER FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**

Steven M. Zager
KING & SPALDING LLP
500 West 2nd Street
Suite 1800
Austin, TX 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100
szager@kslaw.com

Gerald J. Flattmann, Jr.
KING & SPALDING LLP
1185 Avenue of the Americas,
35th Floor
New York, NY 10036
Telephone: (212) 556-2100
Facsimile: (212) 556-2222
gflattmann@kslaw.com

*Attorneys for Defendant GW
Pharmaceuticals PLC*

## <u>TABLE OF CONTENTS</u>

I.   Introduction ........................................................................................................1

II.  Statement of Facts ..............................................................................................1

III. Legal Standard ...................................................................................................2

IV. Argument ............................................................................................................4

    A.  Canopy Has Failed to Establish Personal Jurisdiction over GW PLC ........................4

    B.  Canopy's Complaint Fails to State a  Plausible Claim on Which Relief Can
       Be Granted ..............................................................................................................6

V.  Conclusion ..........................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................3, 4

*Blue Spike LLC v. Caterpillar Inc.*,
  No. 6:16-CV-1361 RWS-JDL, 2017 WL 1829858 (E.D. Tex. May 8, 2017)........................4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)................................................................................................3, 5

*Celgard, LLC v. SK Innovation Co.*,
  792 F.3d 1373 (Fed. Cir. 2015)..............................................................................6

*Companion Prop. & Cas. Ins. Co. v. Palermo*,
  723 F.3d 557 (5th Cir. 2013) ................................................................................2, 3

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)..............................................................................................3, 4, 5

*ETS-Lindgren, Inc. v. MVG, Inc.*,
  No. A-15-CA-00456-SS, 2015 WL 6756186 (W.D. Tex. Nov. 4, 2015)................................3

*Interactive Life Forms, LLC v. Weng*,
  No. A-12-CA-1182-SS, 2013 WL 12116148 (W.D. Tex. Apr. 8, 2013) ................................2

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..............................................................................................3

*Mehaffey v. Hutsler Turf Equip., Inc.*,
  No. W-13-CV-24, 2013 WL 12396986 (W.D. Tex. Aug. 14, 2013)........................................5

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*,
  859 F.3d 1032 (Fed. Cir. 2017)..............................................................................2, 3

*Pers. Care Prod., Inc. v. Hawkins*,
  No. A-07-CA-1020 LY, 2009 WL 2406253 (W.D. Tex. Aug. 3, 2009), *report
  and recommendation adopted*, No. A-07-CA-1020-LY, 2009 WL 7472394
  (W.D. Tex. Aug. 18, 2009), *aff'd*, 635 F.3d 155 (5th Cir. 2011)................................4

*TIP Sys., LLC v. SBC Operations, Inc.*,
  536 F. Supp. 2d 745 (S.D. Tex. 2008) ..................................................................6

*Travelers Indem. Co. v. Calvert Fire Ins. Co.*,
    798 F.2d 826 (5th Cir. 1986) ...................................................................5

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017)..............................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)...........................................................................2

Fed. R. Civ. P. 12(b)(6)...........................................................................3

Fed. R. Civ. P. 12(d) ...............................................................................4

Defendant GW Pharmaceuticals PLC ("GW PLC") respectfully moves this Court to dismiss Plaintiff Canopy Growth Corporation's ("Canopy") Complaint (D.I. 1) ("Compl.") for lack of personal jurisdiction and failure to state a claim on which relief can be granted.

## I.   INTRODUCTION

On December 22, 2020, Canopy filed its Complaint in this Action, alleging that the sole named defendant – GW PLC – infringes U.S. Patent 10,870,632 ("the '632 patent") through activities related to the manufacturing, importation, sale, and/or marketing of EPIDIOLEX®, an FDA-approved drug for the treatment of childhood epilepsy syndromes.  (*See id.* ¶¶ 21-25.)  But, contrary to Canopy's assertions, GW PLC does not manufacture, import, sell, or market EPIDIOLEX®, and has neither "substantial business in" nor minimum contacts with Texas to support general or specific jurisdiction.  Accordingly, Canopy's Complaint should be dismissed in its entirety for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.

## II.   STATEMENT OF FACTS

On information and belief, Canopy is a Canadian corporation, headquartered in Ontario, that markets hemp and marijuana-based products, including oils, softgels, topical creams, and gummies.  (Compl. ¶¶ 2, 12.)  As noted above, Canopy's Complaint alleges defendant GW PLC infringes the '632 patent through activities related to the manufacturing, importation, sale, and/or marketing of EPIDIOLEX®.  (*Id.* ¶¶ 21-25.)  In particular, Canopy's Complaint alleges the manufacturing process for EPIDIOLEX®, which contains the compound cannabidiol ("CBD") as its active ingredient, infringes methods for extracting materials from cannabis plant matter claimed in the '632 patent.  (*Id.* ¶¶ 10-11.)

Canopy alleges personal jurisdiction based on various activities purportedly engaged in by GW PLC and relating to Texas, including: "substantial business in Texas and this judicial district"

1

(*id.* ¶ 6); "enlist[ing] residents of Austin, TX . . . to participate in a study conducted as part of obtaining Food and Drug Administration (FDA) approval of Epidiolex" (*id.*); maintaining a "U.S.-based sales team" (*id.* ¶ 7); "import[ing] Epidiolex . . . into the United States (including the state of Texas and within this district)" (*id.*); "offer[ing] to sell, sell[ing], and/or us[ing] Epidiolex within the United States (including the state of Texas and within this district)" (*id.*); "market[ing] Epidiolex throughout the United States, including in the state of Texas" (*id.*), and "plac[ing] products . . . including at least Epidiolex, into the stream of commerce via an established distribution channel with the knowledge and/or intent that Epidiolex . . . be sold in the United States, including in the state of Texas and this district" (*id.* ¶ 8).

As shown by the Declaration of Amanda Wade-Jones (attached as Ex. A) ("Wade-Jones Declaration" or "Decl."), GW PLC is organized under the laws of England and Wales and has its principal place of business in Cambridge, England, United Kingdom.  (Decl. ¶ 2.)  It has no physical presence in Texas, does not advertise, market, or offer services for sale in Texas, and is not registered to do business in Texas.  (*Id.* ¶¶ 3-5.)  It has no offices or employees in Texas.  (*Id.* ¶ 6.)  And, GW PLC does not manufacture, sell, import, or market EPIDIOLEX® or any other product in the United States or any other country.  (*Id.* ¶ 7.)

## III.   LEGAL STANDARD

A complaint may be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Canopy bears the burden to prove this Court may properly exercise personal jurisdiction over GW PLC in this case.  *See Interactive Life Forms, LLC v. Weng*, No. A-12-CA-1182-SS, 2013 WL 12116148, at *3 (W.D. Tex. Apr. 8, 2013).  To do so, Canopy must show the exercise of personal jurisdiction over GW PLC (1) is authorized by the Texas's long-arm statute, and (2) comports with due process.  *See New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 859 F.3d 1032, 1037 (Fed. Cir. 2017).  Here, "[b]ecause Texas's long-arm statute extends to the limits of federal

constitutional due process, only [the latter] inquiry is required." *Id.* (quoting *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).)[1]

Due process requires that a complaint establish a defendant's "minimum contacts" with the forum state, giving rise to either general or specific jurisdiction, such that maintenance of the action is consistent with "traditional notions of fair play and substantial justice." *ETS-Lindgren, Inc. v. MVG, Inc.*, No. A-15-CA-00456-SS, 2015 WL 6756186, at *2 (W.D. Tex. Nov. 4, 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). General jurisdiction can only arise where a defendant's "affiliations with the [forum] State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). The "paradigm all-purpose forums" for general jurisdiction over a corporation are its state of incorporation and principal place of business. *Id.* at 137.

Specific jurisdiction requires that the defendant "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). In actions for patent infringement, the Federal Circuit applies a three-factor test to assess specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *New World Int'l*, 859 F.3d at 1037.

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." A complaint fails to state a claim under Rule 12(b)(6) when it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

---

[1] Unless otherwise noted, all emphasis is added, and all internal citations and internal quotation marks are omitted.

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id* at 555.  While the court must accept any well-pleaded factual allegations as true, the court "need not accept allegations which make unsupported conclusions, unwarranted inferences or deductions, or sweeping legal conclusions in the form of factual allegations."  *Pers. Care Prod., Inc. v. Hawkins*, No. A-07-CA-1020 LY, 2009 WL 2406253, at *5 (W.D. Tex. Aug. 3, 2009), *report and recommendation adopted*, No. A-07-CA-1020-LY, 2009 WL 7472394 (W.D. Tex. Aug. 18, 2009), *aff'd*, 635 F.3d 155 (5th Cir. 2011).

Pursuant to Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  To the extent necessary, GW PLC does not object to the Court converting this motion to an immediate motion for summary judgment pursuant to Rule 12(d).  *See, e.g.*, *Blue Spike LLC v. Caterpillar Inc.*, No. 6:16-CV-1361 RWS-JDL, 2017 WL 1829858, at *1 (E.D. Tex. May 8, 2017) (converting motion to dismiss and granting summary judgment for defendant based on absence of genuine issue of material fact as to whether defendant performed any act constituting patent infringement).

## IV.    ARGUMENT

### A.    Canopy Has Failed to Establish Personal Jurisdiction over GW PLC

Canopy has not shown – and cannot show – that this Court may properly exercise personal jurisdiction over GW PLC, because GW PLC lacks sufficient contacts with the state of Texas to support either general or specific jurisdiction.

First, GW PLC lacks "continuous and systematic" contacts with Texas that would make it "essentially at home" there.  *See Daimler*, 571 U.S. at 139.  GW PLC is organized under the laws of England and Wales and has its principal place of business is in Cambridge, England (Decl. ¶ 2)

– meaning Texas is not a "paradigm all-purpose forum" for GW PLC.  *See Daimler*, 571 U.S. at 137.  Nor does GW PLC have any other significant connections with Texas that would support the exercise of general jurisdiction.  GW PLC is not registered to do business in Texas and has no offices or employees in Texas.  (Decl. ¶¶ 5-6.)  It does not solicit business, advertise, market, or offer services for sale in Texas.  (*Id.* ¶ 4.)  And it does not manufacture, sell, import, or market EPIDIOLEX® or any other product in any country, let alone Texas.  (*Id.* ¶ 7.)  Accordingly, general jurisdiction may not be asserted over GW PLC in Texas.

GW PLC also lacks sufficient contacts with Texas "aris[ing] out of or relat[ing] to" this litigation to support specific jurisdiction.  *See Burger King Corp.*, 471 U.S. at 472.  Again, GW PLC does not manufacture, sell, import, or market EPIDIOLEX® or any other product in any country, let alone Texas.  (Decl. ¶ 7.)  While Canopy's complaint makes various allegations regarding GW PLC's purported activities in connection with EPIDIOLEX® – including allegations on "information and belief" – these are contradicted by GW PLC's declaration and need not be taken as true.  *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1352 (Fed. Cir. 2017) (district court to accept "*uncontroverted* allegations in the plaintiff's complaint as true"); *see also Mehaffey v. Hutsler Turf Equip., Inc.*, No. W-13-CV-24, 2013 WL 12396986, at *1 (W.D. Tex. Aug. 14, 2013) (quoting *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986)) ("[T]he allegations of the complaint are taken as true except as controverted by the defendant's affidavits.").   The Wade-Jones Declaration demonstrates that, contrary to the allegations in Canopy's Complaint:

1. GW PLC does not conduct "substantial business in Texas" related to EPIDIOLEX® or any other product (*see* Compl. ¶ 6; Decl. ¶¶ 3-7);

2. GW PLC did not enlist residents of Austin, Texas, to participate in any study related to approval of EPIDIOLEX® (*see* Compl. ¶ 6; Decl. ¶ 8);

3.  GW PLC does not maintain a "U.S.-based sales team" (*see* Compl. ¶ 7; Decl. ¶ 7);

4.  GW PLC does not import, offer to sell, sell, use, or market EPIDIOLEX® within the United States (*see* Compl. ¶ 7; Decl. ¶ 7); and

5.  GW PLC has not "placed [EPIDIOLEX®] . . . into the stream of commerce . . . with the knowledge and/or intent that Epidiolex is sold and continues to be sold in the United States" (*see* Compl. ¶ 8; Decl. ¶ 7).

Absent the factual inaccuracies in Canopy's Complaint, there is no basis for general or specific jurisdiction over GW PLC in Texas.

Finally, while Canopy's Complaint makes vague references to actions through unnamed "intermediaries" (*see* Compl. ¶¶ 7, 27), Canopy fails to plead facts that would support imputing the contacts of any third party to GW PLC. *See, e.g.*, *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015) (refusing to impute contacts of third-party to defendant for jurisdictional purposes absent agency or alter ego relationship).  Canopy's Complaint fails to establish personal jurisdiction over GW PLC and should be dismissed.

### B.  Canopy's Complaint Fails to State a Plausible Claim on Which Relief Can Be Granted

Similar reasoning supports dismissal under Fed. R. Civ. P. 12(b)(6).  Canopy's Complaint pleads infringement under 35 U.S.C. §§ 271(a)-(b) and § 271(g) based on GW PLC's alleged manufacturing, importation, sale, and/or marketing of EPIDIOLEX®.  (*See* Compl. ¶¶ 21-27.) But, as indicated by the Wade-Jones Declaration, GW PLC does not engage in any of these activities.  (Decl. ¶ 7.)  Further, Canopy has not alleged any facts showing that liability may be imputed from the actions of any unnamed third parties.  *See, e.g, TIP Sys., LLC v. SBC Operations, Inc.*, 536 F. Supp. 2d 745, 755 (S.D. Tex. 2008) (refusing to impute liability based on allegedly infringing actions of subsidiary absent basis for piercing the corporate veil).

Accordingly, Canopy's Complaint should be dismissed because it fails to state a claim of infringement against GW PLC, the only named defendant.

## V.      CONCLUSION

For the foregoing reasons, GW Pharma PLC respectfully requests the Court grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).


Dated:  March 5, 2021                                Respectfully submitted,


                                                     */s/ Steven M. Zager*
                                                     Steven M. Zager
                                                     szager@kslaw.com
                                                     KING & SPALDING LLP
                                                     500 West 2nd Street
                                                     Suite 1800
                                                     Austin, TX 78701
                                                     Telephone: (512) 457-2000
                                                     Facsimile: (512) 457-2100

                                                     Gerald J. Flattmann, Jr.
                                                     gflattmann@kslaw.com
                                                     KING & SPALDING LLP
                                                     1185 Avenue of the Americas,
                                                     35th Floor
                                                     New York, NY 10036
                                                     Telephone: (212) 556-2100
                                                     Facsimile: (212) 556-2222

                                                     *Attorneys for Defendant GW
                                                     Pharmaceuticals PLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served today, March 5, 2021, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1).

*/s/ Steven M. Zager*
Steven M. Zager