**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| CANOPY GROWTH CORPORATION, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:20-cv-01180-ADA |
| | ) | |
| GW PHARMACEUTICALS PLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**WHEREAS**, Canopy Growth Corporation ("Canopy" or "Plaintiff"), and GW Pharmaceuticals Limited ("GW-Ltd" or "Defendant"), parties to the above-captioned action (the "Action"), may seek discovery of documents, information, or other materials that may contain trade secrets or other confidential research, development, or commercial information of other parties or third parties;

**WHEREAS**, the parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

**NOW THEREFORE**, pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1.      **Scope of Protection**: This Stipulated Protective Order ("Protective Order") shall govern the disclosure and production of information, documents, and tangible things in connection with the Action.

2.      **Designations of Protected Information**: As set forth in ¶¶ 2(a) and 2(b), any producing person, entity or third party ("Producing Party") may designate any information, document, or tangible item to be disclosed or produced to any other person or entity ("Receiving Party"), in whole or in part, as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY subject to this Protective Order ("Protected Information"). Any copies of such materials, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed Protected Information, and the same terms regarding confidentiality of these materials shall apply as applied to the originals.

a.      Any Producing Party may designate as CONFIDENTIAL any information, document, or tangible item to be disclosed or produced to any Receiving Party if: (i) the Producing Party claims in good faith that such information, document, or tangible item comprises or contains non-public proprietary, confidential or commercially sensitive information or trade secrets of the Producing Party or a third party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such information, document, or tangible item, including but not limited to, information or materials containing confidential information related to (1) New Drug Application ("NDA") No. 210365; (2) the manufacturing process for the product in NDA No. 210365; and (3) research related to the patent-in-suit.

b.      Any Producing Party may designate as OUTSIDE COUNSEL EYES ONLY any information, document, or tangible item to be disclosed or produced to any Receiving Party if the Producing Party in good faith believes that such information, document, or tangible item contains confidential information related to: (1) highly sensitive financial and economic information, including financial planning, financial performance, market plans, business plans, competitive strategies, or business relationships; (2) research, development, and production

information, including for current or future products, such as those presently in development or undergoing FDA approval; or (3) patent applications that are not yet published and contain information that constitutes a trade secret.

        c.      All information, documents, or tangible items shall be clearly marked or stamped with the legend CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or OUTSIDE COUNSEL EYES ONLY – SUBJECT TO PROTECTIVE ORDER or a suitable equivalent, prior to production to or exchange with the Receiving Party. Each page of each document produced in discovery, whether produced before or after entry of this Protective Order, shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the Producing Party and a unique identifying number.

        d.      All information to be disclosed orally (such as at a deposition) shall be automatically designated as OUTSIDE COUNSEL EYES ONLY for a period of thirty (30) days after receipt of the official transcript of the deposition, and the transcript shall not be disclosed during such time by a Receiving Party to persons other than those persons named or approved according to ¶ 5. Thereafter, the information contained in the deposition transcript will no longer be deemed OUTSIDE COUNSEL EYES ONLY unless: (1) in a writing sent to counsel for the Receiving Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the deposition transcript contains OUTSIDE COUNSEL EYES ONLY or CONFIDENTIAL information; or (2) at the deposition, counsel for  the Producing Party states on the record that the deposition transcript contains OUTSIDE COUNSEL EYES ONLY or CONFIDENTIAL information.

3.      **Limits on Use**: Any information, document, or tangible item designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY that is disclosed or produced in connection with this Action shall be maintained in strict confidence by the Receiving Party, and shall be used solely in connection with this Action and any appeal thereof, except by consent of the parties or order of this Court.

a.      The attorneys of record for the parties and other persons receiving Protected Information governed by this Protective Order shall exercise reasonable care to insure that the Protected Information designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY pursuant to this Protective Order are (a) used only for the purposes specified herein, and (b) disclosed only to individuals as provided for in ¶¶ 4-5 below, respectively.

b.      Nothing herein shall bar or otherwise restrict counsel for a party from rendering advice to his or her client with respect to this Action, and in the course thereof, from generally referring to or relying upon Protected Information received by the party. In rendering such advice or otherwise communicating with their client, counsel shall not disclose the specific content of any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information where such disclosure would not otherwise be permitted under the terms of this Protective Order.

c.      Absent written consent from the Producing Party, the attorneys of record for the parties and other persons receiving Protected Information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY pursuant to this Protective Order shall not thereafter, during the pendency of this Action and ending two years after final termination of this litigation, including any appeals, participate on behalf of the Receiving Party in drafting, crafting or amending (including providing recommendations regarding drafting, crafting, or amending to persons engaged on behalf of the Receiving Party in such activities) any patent applications or claims,

including in reissue and reexamination proceedings, relating to extraction processes for cannabinoids from cannabis plant material anywhere in the world, but does not preclude such an individual from otherwise participating on behalf of the Receiving Party in proceedings with respect to such patent applications involving such subject matter, or in any appeals thereof. This ¶ 3(c) further precludes such individuals from participating in the amending, crafting, or drafting (including providing recommendations regarding drafting, crafting, or amending to persons engaged on behalf of the Receiving Party in such activities) of claims relating to extraction processes for cannabinoids from cannabis plant material during post-grant proceedings, including *inter partes* review proceedings, post-grant review proceedings, and covered business method review proceedings before the Patent Trial and Appeal Board, but does not preclude such an individual from otherwise participating on behalf of the Receiving Party in such post-grant proceedings with respect to patents involving such subject matter, or in any appeals thereof.

      d.    The foregoing restrictions of ¶ 3(c) above shall apply only to individuals, and not the firms or organizations by which they are employed, nor to individuals who received access to CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information solely in their capacity as clerical staff. Nothing in this Protective Order shall prevent any individual who receives access to the Producing Party's CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information from assisting a Receiving Party in complying with the requirements of 37 C.F.R. § 1.56 or engaging in activities relating to a federal district court order under 35 U.S.C. § 271(e)(4)(A) on behalf of the Receiving Party.

      4.    **Disclosure of Information Designated CONFIDENTIAL:** Except as provided in ¶¶ 6 and 14 of this Protective Order, access to documents or information designated CONFIDENTIAL, shall be strictly limited to the following persons:

a.      Outside trial counsel or outside attorneys of record for the parties, including partners, associates, staff and contract attorneys, and their authorized secretarial, paralegal, clerical and legal assistant staff;

b.      The Court and Court personnel;

c.      Consultants or experts retained by the parties or their attorneys for purposes of this Action, who are not objected to pursuant to ¶ 7, and who first agree to be bound by the terms of this Protective Order by executing a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto), and their respective staffs;

d.      Court reporters, videographers, and their respective staffs employed in connection with this Action;

e.      Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, and other litigation support personnel (e.g., graphic designers and animators, database entry personnel);

f.      Up to three (3) in-house personnel responsible for oversight of the litigation whose duties require access to material designated CONFIDENTIAL, provided that said designated in-house personnel have executed a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto), and the Receiving Party has received a copy of such Undertaking. During the period beginning with entry of this Protective Order and ending twelve (12) months after final termination of this Action, including any appeals, the in-house personnel designated pursuant to this ¶ 4(f) shall not have primary responsibility for competitive decision-making or product development relating to extraction processes for cannabinoids from cannabis plant material anywhere in the world, and shall be subject to the restrictions of ¶ 3(c). To avoid any doubt, purely legal decision-making responsibilities, including without limitation, having

responsibilities for negotiating an agreement settling litigation (including responsibilities related to any financial terms of such an agreement), shall not be deemed to be "competitive decision-making." In the event that any of the aforementioned individuals cease to have responsibilities relating to this Action, Plaintiff or Defendant respectively may designate another in-house personnel to replace such person upon giving written notice of such change to the opposing party or parties, provided that there are only three in-house personnel for each party permitted to view CONFIDENTIAL information;

        g.    Mock jurors and/or judges engaged by any consultant in preparation for trial, provided they acknowledge that the information they are shown shall be kept confidential; and

        h.    Any mediator who is assigned to hear this matter, and his or her staff, subject to the agreement to maintain confidentiality to the same degree as required by this Protective Order.

    5.    **Disclosure of Information Designated OUTSIDE COUNSEL EYES ONLY:** Except as provided in ¶¶ 6 and 14 of this Protective Order, access to documents or information designated OUTSIDE COUNSEL EYES ONLY, shall be strictly limited to persons identified in ¶¶ 4(a)-(e) and (g)-(h).

    6.    **Disclosure to Author or Recipient**: Notwithstanding any other provisions of this Order, nothing herein shall prohibit counsel or a party from disclosing a document containing Protected Information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY to any person who appears from the face of the document to have drafted, prepared, executed, or received the document, or any person who is reasonably likely to have had prior legal access to the document or the information contained therein. This Protective Order shall not prevent counsel

from examining a witness in a good-faith effort to determine whether the witness authored or previously had access to or knowledge of CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information.

7.    **Designation of Documents Under Seal:** If CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information of a Producing Party is to be filed with this Court in connection with any proceeding in this Action, it shall be filed under seal pursuant to the procedures set forth in Local Rule CV-5.2 and the Court's Standing Order Regarding Filing Documents Under Seal in Patent Cases and Redacted Pleadings ("Standing Order re: Under Seal Filing") (collectively, the "Sealing Procedures"). Per the Court's Standing Order re: Under Seal Filing, a separate motion for leave to file documents under seal is not necessary prior to filing under seal.

8.    **Identification and Disclosure of Experts or Consultants:** If any party desires to disclose Protected Information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY to any expert or consultant pursuant to ¶ 4(c) above, it is permitted to do so only after:

a.    The party must identify in writing to the attorneys for the Producing Party each such expert or consultant. The identification of an expert or consultant shall include: (i) the full name and professional address and/or affiliation of the proposed expert or consultant; (ii) the proposed expert's or consultant's current *curriculum vitae*; (iii) a list of the individual's qualifications, including all publications within the last ten years; (iv) any prior or current employments or consultancies for any party within the last five years; (v) a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years; and (vi) a completed and signed Undertaking in the form of Exhibit A attached hereto from the expert or consultant. To the extent any of items (iii)-(v) are fully disclosed in the

curriculum vitae provided under item (ii) of this ¶ 8(a), such items need not also be disclosed in a separate form. To the extent that any proposed expert or consultant has a duty of confidentiality with respect to any prior employment or consultancy, instead of the disclosure required under ¶ 9(a)(iv) above the expert may provide disclosure sufficient to 1) inform the Producing Party of the nature of the arrangement and 2) allow the Producing Party to properly investigate and object to the expert's disclosures.

      b.      The attorneys for the Producing Party shall have a period of five (5) business days of receiving such notice to object to disclosure of such information to any of the experts or consultants so identified. Any party that fails to object within five (5) business days of receiving such notice shall be deemed to have waived such objection and the parties shall be deemed to have agreed upon disclosure to the expert for purposes of ¶ 4(c). If, during the five (5) business days, the party giving notice receives a written objection from the Producing Party stating the specific bases for objection, there will be no disclosure of CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information to the individual identified in the notice except as agreed by the parties or by further order of the Court. The parties shall attempt to resolve any such objection by meeting and conferring in good faith within five (5) business days of receipt of the written objection. If the objection cannot be resolved within ten (10) business days of receipt of the written objection, the parties may present the dispute to the Court.

      9.    **Challenge to Designation:** On any challenge to the designation of any information, document, or tangible item, the burden of proof shall lie with the Producing Party to establish that the information is, in fact, CONFIDENTIAL, or OUTSIDE COUNSEL EYES ONLY information. If a party seeks declassification, removal or downgrading of the confidentiality designation of any particular items, the following procedure shall be utilized:

        a.      The party seeking such declassification, removal or downgrading shall give counsel of record for the other party written notice thereof specifying the designated information as to which such removal is sought and the reasons for the request;

        b.      The parties will meet and confer in good faith within five (5) business days after the Producing Party's receipt of such notice in an effort to resolve the disagreement; and

        c.      If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the Producing Party's receipt of the notice, then the parties may present the dispute to the Court.

      10.    **Inadvertent Failure to Designate:** If a Producing Party unintentionally or inadvertently fails to designate the information, document, or tangible item as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY at the time of production, the Producing Party may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated, which shall then be deemed to be subject to the terms of this Protective Order. Should any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information hereunder be disclosed to any person not entitled to receive the same hereunder, then the parties intend to have such person be automatically bound by this Protective Order, and such person shall be informed within five (5) business days of the discovery of such disclosure of the provisions of this Protective Order by the Receiving Party, and the Receiving Party shall exercise all reasonable efforts to have such person sign a written Confidentiality Undertaking (in the form set forth in Exhibit A hereto). The parties shall exercise all reasonable efforts to retrieve any such information disclosed to persons not authorized to receive the information under this Protective Order. Nothing herein shall prevent the Producing Party from applying to the Court for further or additional relief.

11.     **Inadvertent Production or Disclosure of Protected Information:** Nothing in this Protective Order shall require production of information, documents, or tangible items that a party contends is protected from disclosure by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity. If a Producing Party inadvertently or unintentionally produces information, documents, or tangible items in this Action that could have been withheld subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity ("Inadvertently Produced Discovery"), such production shall not constitute a waiver of any claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity for such information, provided that, upon learning of the inadvertent or unintentional disclosure, the Producing Party promptly sends to each Receiving Party a good-faith written representation that such production was inadvertent or unintentional, requests return or destruction of the Inadvertently Produced Discovery, and specifies the type of privilege asserted. Immediately upon receipt of this written request, the Receiving Party shall treat the document or thing in accordance with Fed. R. Civ. P. 26(b)(5)(B), and shall within three (3) business days of receiving such a request destroy or return to the Producing Party all such documents and things identified by the Producing Party as being privileged or work-product and as having been inadvertently or unintentionally produced.

a.     If the Receiving Party wishes to contest that any such Inadvertently Produced Discovery was inadvertently or unintentionally produced or is protected by the attorney-client privilege, by work-product immunity, or by any other applicable privilege or immunity, the Receiving Party shall so notify the Producing Party in writing on or before the date when the document or thing is due to be destroyed or returned to the Producing Party.

(i)      Within seven (7) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a description consistent with Fed. R. Civ. P. 26(b)(5)(A)(ii) of the basis for the claim of privilege or immunity.

(ii)      Within seven (7) business days after the Receiving Party receives such description from the Producing Party, the parties will meet and confer in good faith, and, failing resolution, the parties may present the dispute to the Court. If the dispute is presented to the Court, the Producing Party shall have the burden of proving that the Inadvertently Produced Discovery in dispute is protected by the attorney-client privilege or by work-product immunity. Pending the Court's ruling, the party challenging the assertion shall continue to treat the Inadvertently Produced Discovery in dispute in accordance with Fed. R. Civ. P. 26(b)(5)(B).

(iii)      With respect to documents and things generated by a Receiving Party subsequent to the inadvertent or unintentional disclosure, which documents and things contain information derived from such Inadvertently Produced Discovery, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

12.    **Other Proceedings:** By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information pursuant to this Protective

Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

13. **Prior or Public Knowledge:** The restrictions and obligations set forth in this Protective Order shall not prohibit discussions with any person or entity regarding any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information if said person or entity already has legitimate possession thereof. The restrictions and obligations set forth in this Order relating to CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge; (b) the parties agree, or the Court rules, has become public knowledge other than by disclosure by a Receiving Party; or (c) has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality restrictions and independently of the Producing Party.

14. **Non-Party Material:** The terms of this Protective Order, as well as the terms of any other protective order that may be entered into between a discovering party and non-party for the production of information, documents, or tangible items to the discovering party, are applicable to Protected Information provided by a non-party in connection with this Action. Information provided by a non-party in connection with this Action and designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY pursuant to the terms of this Protective Order shall be protected by the remedies and relief provided by this Protective Order.

15. **Return or Destruction of Designated Information:** Within sixty (60) days after final termination of this Action, including any appeals, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall take reasonable measures to assemble and return, or destroy and certify destruction of, all materials containing information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, including all copies, extracts and

summaries thereof, to the party from whom the designated material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney's work product or attorney-client privilege communications, and (b) one archival copy of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses may be retained by counsel, subject to a continuing obligation to protect all such material pursuant to this order.

16.     Production of Protected Information by any of the parties shall not be deemed a publication of the documents, information, or tangible item (or the contents thereof) produced so as to void or make voidable whatever claim the party may have as to the proprietary and confidential nature of the documents, information, or tangible item or its contents.

17.     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Information for any purpose.

18.     This Order applies to pretrial discovery. Nothing in this Protective Order shall be deemed to prevent a party from introducing any Protected Information into evidence at the trial of this Action, or from using any information contained in Protected Information at the trial of this Action, subject to any pretrial order issued by this Court and appropriate measures to maintain the confidentiality of information per the protections afforded to each category of designated information pursuant to this Protective Order.

19.     Nothing in this Protective Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the parties to assert any applicable discovery or trial privilege

20.     **Return or Destruction of HIPAA Information:** Notwithstanding the foregoing, a Receiving Party may not retain an archival copy of any documents for which the Producing Party has notified the Receiving Party that such documents contain information protected by the Health

Insurance Portability and Accountability Act ("HIPAA"). Accordingly, within thirty (30) days after final termination of this Action, including any appeals, a Producing Party shall identify all exhibits containing information protected by HIPAA that are contained within deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court. Within thirty days of receipt of such identification, the Receiving Party shall either return to outside counsel for the Producing Party or destroy such exhibits and certify in writing to outside counsel for the Producing Party.

21.     **Waiver or Termination of Order:** No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of the Court.

22.     **Modification of Order:** This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. The Court retains jurisdiction even after the termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may deem appropriate.

23.     **Notification:** Transmission by e-mail to counsel of record for a party is acceptable for all notification purposes herein.

KING & SPALDING LLP

BAKER BOTTS LLP

*/s/ Steven M. Zager*
Steven M. Zager
State Bar No. 22241500
500 West 2nd Street, Suite 1800
Austin, TX 78701
Telephone:  (512) 457-2000
Facsimile:  (512) 457-2100
szager@kslaw.com

*/s/ Kurt Pankratz*
Kurt Pankratz
State Bar No. 24013291
2001 Ross Ave, Suite 900
Dallas, TX 75201
Telephone:  (214) 953-6584
kurt.pankratz@bakerbotts.com

Gerald J. Flattmann, Jr.
1185 Avenue of the Americas, 35th Floor
New York, NY 10166
Telephone:  (212) 556-2100
gflattmann@kslaw.com

*Attorney for Plaintiff Canopy Growth
Corporation*

*Attorneys for Defendant GW
Pharmaceuticals Limited*

Dated:  June 25, 2021


SO ORDERED this _____day of _____, 2021.


_____
The Honorable ALAN P. ALBRIGHT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CANOPY GROWTH CORPORATION, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| | ) |
| v. | )   C.A. NO. 16-207 (LPS) |
| | ) |
| GW PHARMACEUTICALS PLC | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____ state that:

a.     My     home     address     is     _____

_____.

b.     My present employer is _____ and my present work

address is _____.

c.     My     present     title,     occupation     or     job     description     is

_____.

d.     I have read and understand the provisions of the Stipulated Protective Order entered

in this Action and I will comply with the provisions of that Stipulated Protective Order. I consent

to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

e.     I will hold in confidence and not disclose to anyone not qualified under the

Stipulated Protective Order any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY

1

information, or any summaries, abstracts or indices of any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information, that is disclosed to me or that I prepare.

    f.  Upon conclusion of the above-captioned Action, including appeal, I will return all CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information – and any summaries, abstracts and indices thereof, and documents or materials that I received or prepared relating thereto - in my possession to outside counsel for the party for whom I was employed, retained or acted as witness.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____         _____

2