IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Canopy Growth Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GW Pharma Limited and GW Research )<br>Limited, )<br>)<br>Defendants. ) | Civil Action No. 6:20-cv-01180-ADA<br><br>**JURY TRIAL DEMANDED** |

## **PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Canopy Growth Corporation ("Canopy" or "Plaintiff") hereby files its answer to Defendants GW Pharma Limited ("GWP") and GW Research Limited's ("GWR") (collectively, "Defendants" or "GW") Counterclaims (Dkt. 25) to Plaintiff's First Amended Complaint as follows:

## **GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), Canopy denies all allegations in GW's Counterclaims to Plaintiff's First Amended Complaint except those specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that could arguably follow.

Canopy replies to the numbered allegations in GW's Counterclaims. To the extent that the headings or other nonnumbered statements in GW's Counterclaims contain any allegations, Canopy denies each and every allegation therein. Canopy denies that GW is entitled to the relief requested or to any other relief.

## GW'S ALLEGED COUNTERCLAIMS

## GW'S ALLEGATIONS REGARDING THE PARTIES

1. On information and belief, admitted.

2. On information and belief, admitted.

3. Canopy admits that it is a publicly traded corporation, incorporated in Canada, with its head office located at 1 Hershey Drive, Smith Falls, Ontario, Canada K7A 0A8. Otherwise, denied.

## GW'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

4. Canopy denies that U.S. Patent No. 10,879,632 is at issue in this litigation. Canopy assumes GW intends to refer to U.S. Patent No. 10,870,632 as the '632 Patent in Paragraph 4. Otherwise, the allegations contained in Paragraph 4 contain conclusions of law to which no response is required.

## GW'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

5. Canopy admits that it has filed a Complaint for patent infringement against GW. Canopy admits that a controversy exists between Canopy and GW regarding whether GW infringes or has infringed the asserted claims of U.S. Patent No. 10,870,632 ("the '632 Patent"). The remaining allegations contained in Paragraph 5 contain conclusions of law to which no response is required.

6. Canopy admits that Canopy has subjected itself to the jurisdiction of this Court for purposes of the present action only. Canopy will not contest personal jurisdiction for purposes of the present action only.

7. Admitted.

## GW'S ALLEGATIONS REGARDING BACKGROUND OF THE DISPUTE

8.      On information and belief, Canopy admits that GW manufactures Epidiolex and imports, has imported, sells, and/or offers to sell Epidiolex in this district and across the state of Texas, and in the United States.  On information and belief, Canopy admits that GW launched Epidiolex in the United States in 2018 after FDA approval.  On information and belief, Canopy admits that Epidiolex is currently approved in the United States to treat seizures associated with Lennox-Gastaut syndrome ("LGS"), Dravet syndrome ("DS"), or tuberous sclerosis complex ("TSC").  Canopy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 8, and therefore denies them.

9.      On information and belief, Canopy admits that the active ingredient in Epidiolex is cannabidiol ("CBD").  Canopy admits that CBD is one compound found in the *Cannabis sativa* plant.  On information and belief, Canopy admits that Epidiolex is a currently FDA-approved CBD therapeutic.  Canopy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 9, and therefore denies them.

10.     Denied.

11.     Denied.

12.     Canopy admits that GW's parent company GW Pharmaceuticals PLC (now GW Pharmaceuticals Limited) considered using Canopy's predecessor-in-interest, Bionorica, as its processor for extracting CBD.  Canopy admits that Bionorica and GW Pharmaceuticals PLC's negotiations did not materialize into an agreement.  These negotiations evidence that GW has been aware of the patented processes described and claimed in U.S. Patent No. 8,895,078 ("the '078 Patent") and the '632 Patent for many years.  On information and belief, Canopy denies that GWP extracts CBD "according to its own processes."  Canopy lacks knowledge or information sufficient

to form a belief about the truth of the remaining allegations contained in Paragraph 12, and therefore denies them.

13. Canopy admits that Bionorica and its representatives approached GW Pharmaceuticals PLC regarding a license to the '078 Patent. Canopy admits that GW Pharmaceuticals PLC did not agree to a license to the '078 Patent. Canopy lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 13, and therefore denies them.

14. Canopy admits that it has not asserted the '078 Patent in this case. Otherwise, denied.

15. Canopy admits that GW filed an opposition to EP 1326598. Canopy admits that EP1326598 was revoked.

## GW'S ALLEGATIONS REGARDING THE '632 PATENT

16. Admitted.

17. Admitted.

18. Admitted.

19. Canopy admits that Paragraph 19 quotes a selected portion of the Abstract of the '632 Patent. Otherwise, denied.

20. Canopy admits that Paragraph 20 quotes a selected portion of the specification of the '632 Patent. Otherwise, denied.

21. Admitted.

## GW'S ALLEGATIONS REGARDING COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

22. Canopy admits that GW realleges and incorporates paragraphs 1-21 of its Counterclaims. Canopy realleges and incorporates its responses to paragraphs 1-21 of GW's Counterclaims.

23. Admitted.

24. Denied.

25. Canopy admits that a controversy exists between Canopy and GW regarding whether GW infringes or has infringed the asserted claims of the '632 Patent. The remaining allegations in Paragraph 25 set forth legal conclusions to which no response is required.

26. Paragraph 26 sets forth a request for relief to which no response is required. Otherwise, denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Canopy admits that Paragraph 30 quotes a selected portion of Claims 1 and 14 of the '632 Patent. Canopy denies that the manufacturing process for EPIDIOLEX® does not infringe any claim of the '632 Patent. Otherwise, denied.

31. Denied.

## GW'S ALLEGATIONS REGARDING COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

32. Canopy admits that GW realleges and incorporates paragraphs 1-31 of its Counterclaims. Canopy realleges and incorporates its responses to paragraphs 1-31 of GW's Counterclaims.

33. Canopy admits that its First Amended Complaint alleges GW infringes claims of the '632 Patent. Canopy's First Amended Complaint speaks for itself. Canopy admits that a controversy exists between Canopy and GW regarding whether the asserted claims of the '632 Patent are valid. Canopy denies that a controversy exists regarding the validity of the non-asserted claims of the '632 Patent and that the Court has subject matter jurisdiction to resolve the validity of the non-asserted claims of the '632 Patent. Otherwise, denied.

34. Denied.

35. Canopy denies the allegations in Paragraph 35, which are vague and ambiguous, improperly attempt to shift GW's burden to show invalidity by clear and convincing evidence to Canopy, and purport to consider a single claim limitation in isolation without considering the claim language as a whole, where the scope of such limitation is presently before the Court for claim construction.

36. Canopy denies the allegations in Paragraph 36, which are vague and ambiguous, improperly attempt to shift GW's burden to show invalidity by clear and convincing evidence to Canopy, and purport to adopt GW's *proposed* construction for a single claim limitation in isolation without considering the claim language as a whole, where the Court at present has not adopted GW's proposed construction.

37. Denied.

38. The allegations set forth in Paragraph 38 contain legal conclusions to which no response is required. Otherwise, denied.

## GW'S PRAYER FOR RELIEF

Canopy denies allegations contained in GW's Prayer for Relief. Canopy further denies that GW is entitled to any relief whatsoever, including any of the relief sought in paragraphs (a)-

(e) of GW's Prayer for Relief. GW's Prayer for Relief should, therefore, be denied in its entirety with prejudice, and GW should take nothing.

Dated: August 18, 2021

Respectfully submitted,

*/s/ Kurt Pankratz*
Kurt Pankratz
Texas State Bar No. 24013291
BAKER BOTTS L.L.P.
2001 Ross Ave, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6584
Facsimile: (214) 661-4584
kurt.pankratz@bakerbotts.com

Alexander T. Piala
Texas State Bar No. 24110223
Baker Botts L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
Telephone: (512) 322-2546
Facsimile: (214) 322-3646
alexander.piala@bakerbotts.com

***ATTORNEYS FOR PLAINTIFF CANOPY GROWTH CORPORATION***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2021, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

*/s/ Kurt Pankratz*
Kurt Pankratz