IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Canopy Growth Corporation, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Civil Action No. 6:20-cv-01180-ADA |
| ) | |
| GW Pharma Limited and GW Research ) | |
| Limited, ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendants*. ) | |

## FINAL JUDGMENT

Pursuant to the Stipulation and Joint Motion to Enter Final Judgment ("Stipulation"), the Court HEREBY ORDERS as follows:

1. This is a patent infringement action brought by Plaintiff Canopy Growth Corporation ("Plaintiff" or "Canopy") against Defendants GW Pharma Limited and GW Research Limited ("Defendants" or "GW").

2. On December 22, 2020, Plaintiff filed its original Complaint for Patent Infringement, against the entity GW Pharmaceuticals plc (now GW Pharmaceuticals Ltd.). *See* Dkt. 1. On March 5, 2021, GW Pharmaceuticals Ltd. filed a Motion to Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(2) and 12(b)(6). *See* Dkt. 13. On July 7, 2021, pursuant to a joint stipulation (*see* Dkt. 21), Plaintiff filed its First Amended Complaint, naming GW Pharma Limited and GW Research Limited as Defendants in place of GW Pharmaceuticals Ltd. *See* Dkt. 22. On July 28, 2021, Defendants filed their Answer, Affirmative Defenses, and Counterclaims, which asserted affirmative defenses and counterclaims for non-infringement and invalidity. *See* Dkt. 25.

3. The patent-in-suit in this action is U.S. Patent No. 10,870,632 (the "'632 Patent") entitled "Process For Producing An Extract Containing Tetrahydrocannabinol And Cannabidiol

1

From Cannabis Plant Material, And Cannabis Extracts." The '632 Patent includes two independent claims, Claims 1 and 14. Dependent Claims 2-13 and 15-25 depend from Claims 1 and 14, respectively.

4. Plaintiff asserts that it is the owner by assignment of the entire right, title, and interest in and to the '632 Patent, including the sole and undivided right to sue for infringement. *See* Dkt. 22 at ¶ 15.

5. Plaintiff's infringement allegations in this action concern the processes allegedly used in manufacturing the cannabidiol ("CBD") active ingredient in Defendants' commercial drug product approved for marketing in the United States under the tradename EPIDIOLEX®.

6. In its First Amended Complaint, Plaintiff alleges, *inter alia*, that (i) Defendants directly infringe the '632 Patent in violation of 35 U.S.C. § 271(a), to the extent it is determined that Defendants use Canopy's patented processes to produce CBD in the United States; (ii) Defendants infringe the '632 Patent in violation of 35 U.S.C. § 271(g), to the extent that Defendants, and/or third-party contractors under the direction of Defendants, use the patented processes to produce the CBD active ingredient in EPIDIOLEX® outside the United States, and (iii) Defendants are liable for actively inducing infringement of the '632 Patent under 35 U.S.C. § 271(b), including for allegedly inducing affiliated companies, third parties, and/or end users to import, have imported, sell, offer for sale, and/or use EPIDIOLEX® in the United States in alleged violation of 35 U.S.C. § 271(g). *See, e.g.*, Dkt. 22 at ¶¶ 30-33.

7. In their Answer, Affirmative Defenses, and Counterclaims, Defendants allege, *inter alia*, that (i) the manufacturing process for the CBD active ingredient used in EPIDIOLEX® does not infringe any valid claim of the '632 patent; (ii) the manufacture, use, sale, offer for sale and/or importation into the United States of EPIDIOLEX® has not infringed, does not infringe, and will

not infringe, either directly or indirectly, any valid and enforceable claim of the '632 patent, either literally or under the doctrine of equivalents, (iii) Defendants have not infringed and do not infringe any valid and enforceable claim of the '632 patent, either literally or under the doctrine of equivalents; (iv) Defendants have neither induced nor contributed to the infringement of any valid or enforceable claim of the '632 patent, and (v) the claims of the '632 patent are invalid because they fail to comply with one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

8. On May 11, 2021, Plaintiff served Plaintiff Canopy Growth Corporation's Preliminary Disclosure of Asserted Claims and Infringement Contentions, asserting Claims 1-3, 5-16, and 18-25 of the '632 Patent. On June 29, 2021, Defendants served GW Pharmaceuticals Ltd.'s Preliminary Invalidity Contentions, and produced documents to Plaintiff including, *inter alia*, confidential technical documents that Defendants contended were sufficient to show the operation of the accused manufacturing processes. On November 22, 2021, Plaintiff served Plaintiff Canopy Growth Corporation's Final Disclosure of Asserted Claims and Infringement Contentions, asserting Claims 1-25 of the '632 Patent.

9. On September 17, 2021, the parties submitted a Joint Claim Construction Statement identifying a single disputed term: the phrase "$CO_2$ in liquefied form under subcritical pressure and temperature conditions" recited in independent Claims 1 and 14 of the '632 Patent. *See* Dkt. 36 at 1. As set forth in the Joint Claim Construction Statement, Plaintiff's proposed construction was "Plain and ordinary meaning," and Defendants' proposed construction was "$CO_2$ in liquefied form under both subcritical pressure and temperature conditions." *Id.*

10. On October 7, 2021 and October 8, 2021, the Court held a *Markman* hearing. On November 27, 2021, the Court issued a written Claim Construction Order And Memorandum In

Support Thereof (the "Claim Construction Order," Dkt. 50), which construed the term "$CO_2$ in liquefied form under subcritical pressure and temperature conditions" recited in independent Claims 1 and 14 of the '632 Patent as: "Plain-and-ordinary meaning wherein the plain-and-ordinary meaning is '$CO_2$ in liquefied form under both subcritical pressure and temperature conditions.'" Dkt. 50 at 29.

11.     Plaintiff has determined that in view of the process described in the confidential documents produced by Defendants and the Court's construction of the term "$CO_2$ in liquefied form under subcritical pressure and temperature conditions," Plaintiff cannot prevail on the issue of infringement of the '632 Patent, literally or under the doctrine of equivalents.

12.     The parties stipulate and agree that, under the Court's Claim Construction Order, Plaintiff cannot prevail on the issue of infringement of the '632 Patent, literally or under the doctrine of equivalents.

13.     Based on the above, the parties request that the Court enter a final judgment of non-infringement as to all allegations against the Defendants pled in the First Amended Complaint, subject to the parties' right to appeal.

14.     This final judgment is without prejudice to Plaintiff's ability to appeal the Court's construction of the term "$CO_2$ in liquefied form under subcritical pressure and temperature conditions."

15.     Accordingly, the Court enters this final judgment in favor of Defendants on Plaintiff's claim for infringement of the '632 Patent, and declares the '632 Patent not infringed by Defendants.

16.     All of Defendants' affirmative defenses and counterclaims are dismissed without prejudice.

17. Defendants may file a motion for attorneys' fees and/or seek costs under Rule 54(d) within 30 days after the termination of any appeal of the Court's Claim Construction Order or within 30 days after the time for any such appeal passes without an appeal being filed.

It is SO ORDERED.

SIGNED THIS 25th day of February, 2022.

                                       ALAN D ALBRIGHT
                                       UNITED STATES DISTRICT JUDGE